UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

JONATHAN H. DAVIS,

    Petitioner,

v.

GREGORY KIZZIAH, Warden,

    Respondent.

No. 7:18-CV-91-REW

**OPINION & ORDER**

\*\*\*  \*\*\*  \*\*\*  \*\*\*

*Pro se* Petitioner Jonathan Davis—a federal inmate—seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. DE 1. The Court screens this matter under 28 U.S.C. § 2243 and the applicable standards.[1] Davis, for the following reasons, is not entitled to the writ.

In December 2012, Davis pleaded guilty to possessing crack cocaine with distributive intent in violation of 21 U.S.C. § 841(a)(1) (Count II) and possessing a firearm as a convicted felon (Count I) and in furtherance of a drug trafficking offense (Count III) in violation of 18 U.S.C.

---

[1] *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates *pro se* petitions under a more lenient standard. *See Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007); *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (noting that "allegations of a pro se habeas petition, though vague and conclusory, are entitled to a liberal construction" including "active interpretation" toward encompassing "any allegation stating federal relief" (citations and internal quotation marks omitted)). However, "[l]iberal construction does not require a court to conjure allegations on a litigant's behalf." *Erwin v. Edwards*, 22 F. App'x. 579, 580 (6th Cir. 2001). And, "under § 2243 it is the duty of the court to screen out frivolous applications[.]" Advisory Committee Notes to Rule 4, Rules Governing § 2254 Cases; *see also Neitzke v. Williams*, 109 S. Ct. 1827, 1831–32 (1989) (describing as "frivolous[,]" claims lacking "an arguable basis either in law or in fact").

1

§§ 922(g)(1) & 924(c)(1). *United States v. Davis*, No. 1:11-CR-245-PLM-1 (W.D. Mich. 2011) (*Davis I*), ECF No. 23. In his plea agreement, Davis acknowledged that he faced an ACCA-enhanced[2] "sentence of at least fifteen years' up to life imprisonment" because he had three (or more) prior convictions for serious drug offenses or violent felonies. *Id.* at ECF No. 22 at 3. Davis further agreed that he was subject to a sentence of "five years up to life imprisonment" for the § 924(c) offense. *Id.*[3]

Notwithstanding the plea agreement, Davis, at sentencing, disputed the ACCA enhancement. Davis conceded that he had two qualifying predicates. *Davis I*, ECF No. 39 at 13. Davis's juvenile criminal history included two candidates for the third § 924(e) predicate: a 1994 Michigan conviction for possession of cocaine with intent to deliver, M.C.L. § 333.7401(2)(a)(iv), and a 1995 Michigan conviction for second degree home invasion. *See Davis I*, ECF No. 39 at 15 & 39. At the conclusion of a lengthy sentencing hearing, the trial court found that Davis had "three or possibly four" ACCA predicate convictions. *Id.* at 59. Ultimately, the trial court sentenced Davis to 324 total months[4] based on the Sentencing Guidelines, which far exceeded the ACCA's mandatory minimum. *See Davis v. United States*, 533 F. App'x 576, 583 (6th Cir.) (*Davis II*), *cert. denied*, 571 U.S. 1114 (2013).

On direct appeal, the Sixth Circuit did not reach the merits of Davis's challenge to the sentencing enhancement, noting instead that even if the trial court erred in applying the ACCA,

---

[2] 18 U.S.C. § 924(e)(1).
[3] This disposes of Davis's claim that the "Government breached the plea agreement by allowing him to be sentenced above the statutory maximum[.]" DE 5 at 3. Further, Davis agreed that he understood and discussed with counsel the relevant "sentencing provisions" and "consequences of entering into th[e] agreement." *Id.* at 7. Accordingly, though the Court **GRANTS** the clarification request in DE 5, the additional claim does not impact the ultimate screening outcome.
[4] This near bottom-Guideline sentence included two concurrent 264-month terms on the §§ 922 & 841 counts, and a consecutive 60-month term on the § 924 count. *See Davis I*, ECF No. 39 at 58.

such error was harmless because the sentence fell within the applicable Guideline range and, being "well more than the 15-year mandatory minimum established by the ACCA," was based upon the Guidelines rather than the statutory mandatory minimum. *Id.*; *see also* Brief of Appellee United States of America, 2013 WL 635493, at *44-46 (6th Cir. Feb. 12, 2013) (noting that, with or without the ACCA enhancement, Davis faced a 262-327 month Guideline range based on an uncontested career-offender enhancement).

### A. Statutory Max

Here, Davis first argues that his 264-month sentence for Counts I and II exceeded the applicable statutory maximum. Per Davis, the statutory maximum was 240 months on Count II because he was not sentenced as an Armed Career Criminal on Count I. *See* DE 1 at 6; DE 1-1 at 5; DE 5. However, the record conclusively shows that Davis is simply incorrect.

As discussed, Davis agreed that he was an Armed Career Criminal, and the sentencing court explicitly found that Davis had sufficient predicate offenses. The Sixth Circuit, on direct appeal, specifically noted that the trial court "appl[ied] the ACCA's mandatory minimum." *Davis II*, 533 F. App'x at 583. In truth, it seems that Davis simply misunderstands the Sixth Circuit's ruling. The Sixth Circuit did not say that the trial court did not sentence Davis under the ACCA, or that the sentencing court was wrong to apply it. Rather, the Court of Appeals found that even if the ACCA was inapplicable, the undisputed effect of the career offender enhancement would have given him the same Guideline range and, based on the sentencing court's findings, the same ultimate **total** sentence. *See Davis II*, 533 F. App'x at 583; *Davis v. United States*, No. 1:14-CV-1300 (*Davis III*), 2017 WL 1159807, at *2 (W.D. Mich. Mar. 29, 2017) ("[T]he Court found that [Davis] was an armed career criminal[.]").

Davis had and lost his shot on ACCA application. Count 1 carried a possible life term, so the total Count 1 & 2 264-month sentence did not exceed the Count 1 max, which is Petitioner's current complaint.[5]

**B. Mathis *Claim***

Second, Davis challenges his career offender enhancement in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016), and *United States v. Hinkle*, 832 F.3d 596 (5th Cir. 2016). Per Davis, his Michigan convictions for possession with intent to deliver cocaine no longer qualify as "controlled substance offenses" because the Michigan statute criminalizes a broader range of conduct than a generic controlled substance offense as defined in U.S.S.G. § 4B1.2(b). DE 1-1 at 5-8. Because the argument challenges the validity of his sentence (rather than the manner of its execution), Davis needed to assert this claim in a § 2255 motion in the court that convicted and sentenced him. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123–24 (6th Cir. 2003). Under a narrow exception to this rule, a prisoner may challenge the enhancement of his federal sentence in a § 2241 petition if: the petitioner was foreclosed from asserting the claim in a successive petition under § 2255; and after the petitioner's sentence became final, the Supreme Court issued a retroactively applicable decision invalidating—as a matter of statutory interpretation—an enhancement predicate. *Hill v. Masters*, 836 F.3d 591, 595, 599-600 (6th Cir. 2016). Davis fails to qualify for the *Hill* exception.[6]

---

[5] To the extent that Petitioner claims an above-max sentence on Count II, which carried a 20-year ceiling, the Court directs Petitioner to the Trial Court's rejection of that argument on § 2255 review. *See Davis III*, 2017 WL 1159807, at *5 ("The judgment indicates that Movant received a "total" sentence of more than 20 years' imprisonment on both Counts 1 and 2."). That court thus treated Count 1 as the controlling basis for the assessment of sentence length on these counts.

[6] Davis's failure to qualify for the *Hill* exception serves as an alternative basis for the Court's rejection of his first claim.

*Mathis* issued on June 23, 2016, more than a month before Davis moved to supplement his then-pending § 2255 motion and more than six months before the trial court denied § 2255 relief. *See Davis III*, No. 1:14-CV-1300, at ECF Nos. 26 & 28. Stated otherwise, Davis had "meaningful time to incorporate" any *Mathis* argument into his § 2255 filings. *See Hill*, 836 F.3d at 594–95. Thus, Davis, facing the burden, failed to show that the § 2255 remedy was inadequate as to his *Mathis* challenge. *See id.* at 594. The procedural sequence forecloses savings clause relief.

Finally, Davis, to the extent he relies on the Fifth Circuit's *Hinkle* decision, fails to satisfy *Hill*. *Hill* mandates reliance on Supreme Court decisions. 836 F.3d at 599-600.[7] In sum, and as to both the *Mathis* & *Hinkle* bases, Davis's career offender challenge does not qualify under the § 2255(e) savings clause and, thus, it is not cognizable on § 2241 review.[8]

---

[7] Additionally, *Hinkle* involved a Texas drug trafficking statute containing materially different language than the at-issue Michigan crime. *Hinkle* is therefore unhelpful to Davis. *United States v. Tibbs*, 685 F. App'x 456, 462-63 (6th Cir. 2017) (holding that *Hinkle* is not useful in analyzing whether § 333.7401 is divisible).

[8] Even if the Court reached the challenge's merits, the Petition would not survive screening. Davis notes that M.C.L. § 7106(3), in defining manufacture, includes the word "conversion," which the near-verbatim federal definition omits. *See* 21 U.S.C. § 802(15). Ultimately, Davis points out a distinction but entirely fails to explain why it makes a difference. Simply pointing out differences in statutory text is insufficient for an overbreadth challenge. Rather, "to find that a state statute creates a crime outside the generic definition of a listed crime in a federal statute . . . requires a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime." *Gonzales v. Duenas-Alvarez*, 127 S. Ct. 815, 822 (2007). Thus, to show that Michigan's statute is overbroad, Davis needed to show "a realistic probability that [Michigan] would prosecute a crime of 'conversion,' where the conduct encompassed by that term did not fall within the federal definition." *Vega-Cuevas v. Holder*, 599 F. App'x 281, 282 (9th Cir. 2015) (holding that mere inclusion of term "conversion" in Oregon's definition of "manufacture" in its drug trafficking statute where that term is absent from 21 U.S.C. § 802(15) does not render state statute too broad to qualify as aggravated drug trafficking felony under federal law). Davis had the burden, and points to no Michigan precedent indicating that the state prosecuted a defendant for "conversion" of a controlled substances outside of circumstances that would support a prosecution for "manufacture" in its federal sense. Unsurprisingly, post-*Mathis* the Sixth Circuit has repeatedly held that a conviction under M.C.L. § 333.7401 qualifies as a "controlled substance offenses" under U.S.S.G. § 4B1.2(b). *See United States v. House*, 872 F.3d 748, 753 (6th Cir. 2017); *United States v. Pittman*, 736 F. App'x 551, 554-56 (6th Cir. 2018); *United States v. Brown*, 727 F. App'x 126, 129 (6th Cir. 2018).

Additionally, the Court notes that even if it were to find a *Mathis* challenge cognizable and that the Michigan manufacturing charge was too broad to qualify as a § 4B1.2(b) "controlled substance offense," that conclusion would not render the career offender enhancement improper. The Guidelines require only "**two** prior felony convictions of either a crime of violence or a controlled substance offense" for career offender status. *See* U.S.S.G. § 4B1.1. Davis does not, here, challenge any of the other cited convictions that serve as career offender predicates. *Davis I*, 1:11-CR-245-PLM, at ECF No. 29 (PSR), ¶ 53. Thus, even if Davis were correct about his *Mathis* argument, the § 4B1.1 enhancement would stand.

For all these reasons and under the applicable standards, the Court **ORDERS** as follows:

1. The Court **GRANTS** DE 5;

2. The Court **DENIES** DE 1;[9]

3. The Court will enter a separate Judgment; and

4. The Court **GRANTS** DE 6 and **DIRECTS** the Clerk to mail Davis a copy of the docket sheet, this Order, and the accompanying Judgment.

This 10th day of May, 2019.

Signed By:
*Robert E. Wier*
United States District Judge

---

[9] The Court does note one issue, not raised here, with the record regarding Davis's sentence. The Sixth Circuit declined to rule on Davis's challenge to his ACCA enhancement because the sentencing court relied on the career offender Guideline range, rather than the ACCA minimum, to arrive at Davis's sentence. *See Davis II*, 533 F. App'x at 583. The Court notes, however, that Davis's Guideline range at sentencing (322-387 months) was proper if, and only if, the ACCA enhancement was properly applied. Without the ACCA enhancement, Davis's career offender Guideline range would have been 262-327 months, under U.S.S.G. § 4B1.1(c)(2)(B). It seems to this Court that Davis's applied range resulted from the higher (ACCA-inclusive) calculation under § 4B1.1(c)(2)(A). Davis fully litigated and lost the issue of ACCA propriety, so this observation does not impact this Court's § 2241 analysis.